UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ASHLEY P. B.,

                  Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                  Defendant.

CASE NO. 3:25-CV-6092-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").[1] After review, the Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating Plaintiff's subjective symptom testimony. Had the ALJ properly considered Plaintiff's testimony, the residual functional capacity ("RFC") may have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error, therefore, is not harmless, and this matter is reversed and remanded pursuant to

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

sentence four of 42 U.S.C. § 405(g), to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

## I.      Procedural History

Plaintiff filed her application for SSI on February 17, 2021, alleging disability as of August 26, 2014. Administrative Record ("AR") 76–77. Her claim was denied initially on October 11, 2022, and upon reconsideration on November 20, 2023. AR 76, 126. A hearing was held before ALJ Mark Triplett ("the ALJ") on September 18, 2024, who issued a decision denying Plaintiff's claim on November 21, 2024. AR 20–30. The Appeals Council denied Plaintiff's request for review on October 1, 2025, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. From this decision, Plaintiff filed a complaint with this Court on December 9, 2025, seeking judicial review of the ALJ's decision denying benefits. Dkt. 6.

## II.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

**III.    Discussion**

Plaintiff argues that the ALJ erred in evaluating: (1) Plaintiff's subjective symptom testimony; (2) certain medical opinion evidence; (3) the lay witness evidence; and (4) that these errors resulted in an erroneous RFC. Dkt. 15 at 1.[2]

A.    <u>Subjective Symptom Testimony</u>

Plaintiff contends that the ALJ failed to properly evaluate her subjective symptom testimony. Dkt. 15 at 4.

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citation omitted). The first step requires an ALJ to determine "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation omitted). This objective medical evidence does not have to corroborate the severity of the alleged symptoms, rather, "the medical evidence need only establish that the impairment could reasonably be expected to cause some degree of the alleged symptoms." *Id.*

If a claimant has satisfied the first step, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms

---

[2] Plaintiff contends that the ALJ's RFC assessment was erroneous because it did not include limitations supported by the medical opinion evidence, subjective symptom testimony, and lay witness evidence that she contends was improperly evaluated. Dkt. 13 at 18–19. The Court addresses this argument by considering whether this evidence was improperly discredited, and, if so, whether that improper assessment rendered the RFC incomplete. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (RFC inadequacy based only on other arguments not independent basis for remand).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

only by offering specific, clear and convincing reasons for doing so." *Id.* at 1112 (citation omitted). The specific, clear, and convincing standard, however, is "the most demanding [standard] required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). As with all findings by the ALJ, however, the specific, clear, and convincing reasons for rejecting the claimant's testimony about the severity of their symptoms must also be supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1.

At her hearing, Plaintiff testified that she had never lived independently and that she had never attempted competitive employment "due to the stress it has caused me." AR 47. Plaintiff testified that she had been "in special education for [her] entire school career" and that when she attempts to read, "[i]t takes [her] a while but eventually [she] can if [she is] given enough time to comprehend what [she] read." AR 48–49. When asked about her ability to prepare meals for herself, Plaintiff testified that she "feel[s] the need to have someone with [her] so that [she] can get some guidance because [she] get[s] worried [about] causing a problem like burning or making a mistake." AR 50.

In her function report, Plaintiff asserted that her "social anxieties and PTSD make it very difficult to interact with others, and complete or do activities of any kind." AR 262. Elsewhere, Plaintiff reported "I always have trouble interacting with others[,]" AR 266, and that she "ha[s] trouble with understanding instructions"—if she can "understand them [she] follow[s], but [she] ha[s] lots of trouble." AR 267.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

The ALJ found that Plaintiff's impairments could reasonably be expected to produce the symptoms alleged and that there was no evidence of malingering. AR 25. The ALJ, therefore, was required to offer specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony. *See Smith*, 14 F.4th at 1112.

Here, the ALJ sought to do so based upon Plaintiff's activities of daily living, controlled symptoms with medication, and inconsistencies with the objective medical evidence. AR 25–26. These are proper bases for discounting a claimant's subjective symptom testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse" subjective symptom determination); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

    i.    <u>Activities of Daily Living</u>

First, the ALJ found that Plaintiff's "reports of limitations are not fully supported by her reports of activities of daily living" and that her activities "demonstrate a greater capacity for functioning than asserted by [Plaintiff]." AR 25. Plaintiff argues that "because none of the ALJ's reasons for rejecting [Plaintiff's] testimony are specific, clear, and convincing, the Court should credit [Plaintiff's] testimony as true." Dkt. 15 at 8.

While Plaintiff argues that she was more limited than the ALJ found—based upon a recitation of medical evidence that she contends support greater functional limitations than those opined—the ALJ, nonetheless, found that Plaintiff "acknowledged that she could take care of her

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

personal hygiene, prepare simple meals, take care of household pets, help with household chores, use a checkbook/money order, read, play games, crochet, use a computer to shop, and go shopping in stores when accompanied by family." AR 25.

The Court observes, however, that *none* of these findings by the ALJ are inconsistent with Plaintiff's testimony regarding her social anxiety and its impact on her ability to engage in work-related activities. *Id.* Every activity that the ALJ identifies for his finding that Plaintiff's activities of daily living were inconsistent with her testimony, are activities that are done *alone*. *Id.* Crocheting, caring for oneself, preparing simple meals, taking care of household pets, helping with household chores, using a checkbook, reading, playing video games, and using a computer to shop are all activities that can be done *alone*, and could reasonably be consistent with Plaintiff's functional report that her "social anxieties and PTSD make it very difficult to interact with others, and complete or do activities of any kind." AR 262.[3]

"We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). Here, the ALJ has not done so, because the ALJ has not shown how these activities are inconsistent with Plaintiff's testimony regarding her social anxiety. AR 25. For this reason, the Court concludes that the ALJ erred in

---

[3] The ALJ also noted Plaintiff's "shopping in stores when accompanied by family[,]" but our Courts have long recognized a distinction between "activities that are so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace[,]" *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), and that a claimant "need not 'vegetate in a dark room' in order to be deemed eligible for benefits." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987)). Here, Plaintiff testified that when she goes "grocery shopping, it's either with just my sister and I'm with her the whole time or it's my sister, mother, and I. I'm always with one of them for the entire time I'm shopping" and that on one occasion she tried to go shopping by herself, but she "started getting so overwhelmed that [she] almost broke down in the middle of the aisle and needed [her mother and sister] to come to [her]." AR 51–52. This testimony *is consistent* with Plaintiff's assertion that "social anxieties and PTSD make it very difficult to interact with others, and complete or do activities of any kind." AR 262.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

evaluating Plaintiff's subjective symptom testimony based upon Plaintiff's activities of daily living.

### ii. Successful Treatment

Next, the ALJ discounted Plaintiff's subjective symptom testimony because Plaintiff "was noted by providers to be stable with medication." AR 26.

The Court notes, however, that the records the ALJ cites to for this finding specifically note that Plaintiff's generalized anxiety disorder was "well controlled *w/o meds* but with slight exacerbation" and that Plaintiff "[p]refers to avoid meds for now." AR 470 (emphasis added). As for her depression, Plaintiff was "relatively" stable and would engage in "[p]harmacotherapy *as needed.*" *Id.* (emphasis added). The other citation, medical records from October 2, 2023, note that Plaintiff's major depressive disorder and generalized anxiety disorder were "chronic, stable *w/o meds*[.]"AR 474 (emphasis added). In fact, medical records indicate that Plaintiff "denied any history of taking medication to manage her periodic emotional distress." AR 383.

An ALJ has a duty to "set forth" their reasoning "in a way that allows for meaningful review[,]" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), which, again, requires building an "*accurate* and logical bridge from the evidence to [the ALJ's] conclusions." *Blakes*, 331 F.3d at 569 (emphasis added). Here, the ALJ failed to do so, because the ALJ has not built an *accurate* bridge from the evidence to his conclusions. Indeed, the ALJ discounted Plaintiff's subjective symptom testimony on the basis that her symptoms were "stable with medication" but Plaintiff *does not* take medication for her anxiety disorders. AR 383, 470, 474.[4]

---

[4] While a lack of treatment can be a ground for discounting a claimant's subjective symptom testimony, here, the ALJ did not discount Plaintiff's testimony based upon a *lack* of treatment, but rather, *successful* treatment with medication. AR 26. It is axiomatic that "[w]e review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison*, 759 F.3d at 1010. Because the ALJ relied upon successful treatment "with medication" rather than Plaintiff's lack of treatment as grounds for discounting Plaintiff's subjective symptom testimony, the Court concludes that the ALJ erred.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

For this reason, the Court concludes that the ALJ's finding that Plaintiff was "stable with medication" is not supported by substantial evidence, and the ALJ erred in discounting Plaintiff's subjective symptom testimony based upon successful treatment with medication.

iii.    Inconsistencies with the Medical Record

Lastly, the ALJ discounted Plaintiff's testimony because it was inconsistent with the longitudinal record. AR 26.

The ALJ found that Plaintiff was "alert with normal mood, normal thought content, normal speech, normal behavior, and/or good eye contact at several exams" and "demonstrated that she could follow simple instructions, spell backward and forward, and provide adequate responses to fund of knowledge, abstract thinking, and insight questions." *Id.* The Court, however, notes that, as with Plaintiff's activities of daily living, none of the medical records cited by the ALJ for his finding are inconsistent with Plaintiff's testimony that her "social anxieties and PTSD make it very difficult to interact with others, and complete or do activities of any kind." AR 262.

The Court also notes that, in making his finding that Plaintiff's testimony was inconsistent with the record, the ALJ acknowledged "the record is sparse" and does "establish diagnoses and treatment for major depressive disorder (MDD) and generalized anxiety disorder (GAD)" based upon "signs on exam including tachycardia, anxious mood, and flat affect." *Id.* Likewise, the ALJ acknowledged that Plaintiff "exhibited difficulty performing serial seven and three subtractions[,]" had "low average to average scores during intellectual functioning testing[,]" and she "struggled to manage tasks involving numbers." *Id.*

For these reasons, the Court concludes that the ALJ's finding that the medical record was inconsistent with Plaintiff's testimony regarding her social anxiety was not supported by

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

substantial evidence. Consequently, the ALJ has failed to offer a specific, clear, and convincing reason for discounting Plaintiff's subjective symptom testimony, and therefore, erred in evaluating Plaintiff's subjective symptom testimony.

Applying the harmless error analysis, the Court concludes that the ALJ committed harmful error in evaluating Plaintiff's subjective symptom testimony because, had the ALJ had properly considered Plaintiff's limitations, the RFC may have included additional limitations, including limitations to Plaintiff's social interactions, or the ultimate determination of disability may have changed. The ALJ's error, therefore, is not harmless, and the proper disposition is to reverse and remand the matter for additional proceedings. *See Stout*, 454 F.3d at 1055; *see also Molina*, 674 F.3d at 1115.

B.      Remaining Issues

In light of this disposition, the Court need not address Plaintiff's remaining arguments about the medical opinion evidence and the lay witness evidence because, on remand, the ALJ is instructed to reconsider the entire sequential evaluation process, including the medical opinion evidence, Plaintiff's subjective symptom testimony, and the lay witness evidence. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective.").

**IV.   Conclusion**

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED**.

Dated this 26th day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9